UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                            :
SHAWN RAMONE WILSON,                  : CASE NO. 1:21-CV-00538
                                                            :
          Plaintiff,                                    :
                                                            :
vs.                                                       : OPINION & ORDER
                                                          : [Resolving Doc. No. 1]
WARDEN DOUGLAS FENDER, et al.,       :
                                                            :
          Defendants.                                 :
                                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       *Pro se* Plaintiff Shawn Ramone Wilson filed this action under 42 U.S.C. § 1983 against

Lake Erie Correctional Institution ("LECI") Warden Douglas Fender, LECI Unit Manager

Scimenes, LECI Sergeant Mazda, LECI Assistant Warden Tonya Bowser, and Ohio Department

of Rehabilitation and Correction ("ODRC") Chief Legal Counsel Vencot Brown.  In the

Complaint, Plaintiff alleges he was not given notice of a Rules Infraction Board ("RIB") hearing

and was therefore unable to present an adequate defense to charges that resulted in loss of good

time credits.  He claims he was denied due process.  He asks this Court to vacate the decision of

the RIB and restore the good time credit and privileges which were removed as sanctions.

## I.  Background

       Plaintiff alleges that on November 16, 2020, he was charged by Corrections Officer Palo

with multiple conduct infractions, including Rule 4 for causing or attempting to cause physical

harm to another. From November 16, 2020 to November 27, 2020, he was held in restricted and heavily monitored housing.

Plaintiff alleges that on November 27, 2020, he was brought before the RIB. He told them he did not know he had been charged with an offense and had not received a conduct report or notice of the hearing. A member of the RIB printed a copy of the conduct report which showed that Sergeant Mazda served it on him on November 25, 2020. He disputed service stating that he was in the medical unit on bed restriction that day. The RIB member told him they were conducting the hearing as planned and he could appeal if he still wished to dispute service. Plaintiff claims that without proper notice, he could not call witnesses or adequately question the officer that brought the charges. He was found guilty of the violation and sanctioned with loss of good time credit, an increase in his security level and transfer to another institution.

Plaintiff alleges he appealed the decision to Assistant Warden Bowser. He states she upheld the RIB decision. He spoke to the Warden and sent a kite. He claims the Warden did not respond to his communication. Finally, he appealed to the ODRC chief counsel Vencot Brown. Brown also upheld the RIB decision.

Plaintiff asserts that he was denied due process at the disciplinary hearing. He asks this Court to vacate the decision of the RIB, review the file and the evidence, and restore his good time credit, lower his security classification, and expunge his record.

## II. Standard of Review

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e)

2

if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

### III. Analysis

Because the disciplinary hearing resulted in the loss of good time credits which directly affect the length of Plaintiff's sentence, he cannot assert this claim in a civil rights action. A Plainitff cannot proceed with a civil rights action if success in that action would necessarily demonstrate the invalidity of his confinement or its duration, unless the disciplinary action was overturned on appeal.[7] Plaintiff's claim of unfair procedures in his disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, and his claim is not

---

[1]     *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2]     *Neitzke*, 490 U.S. at 327.
[3]     *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4]     *Id.* at 678.
[5]     *Id.*
[6]     *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[7]     *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 1304–05, 158 L.Ed.2d 32 (2004); *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

cognizable under 42 U.S.C. § 1983. His sole remedy for addressing this claim is through habeas corpus..

## IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

 s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[8] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.