UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

                                          :
SHAWN RAMONE WILSON,                      : CASE NO. 1:21-CV-00538
                                          :
          Plaintiff,                      :
                                          :
vs.                                       : OPINION & ORDER
                                          : [Resolving Doc. No. 1]
WARDEN DOUGLAS FENDER, et al.,            :
                                          :
          Defendants.                     :
                                          :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Shawn Ramone Wilson's Motion to Alter or Amend Judgment under

Federal Civil Procedure Rule 59(e) (Doc. 6) is before the Court.  Plaintiff filed this action under

42 U.S.C. § 1983 claiming he was denied due process at a prison disciplinary hearing which

resulted in loss of good time credits, loss of privileges, increase in his security classification,

and transfer to another institution.  He asked this Court to vacate the decision of the RIB and

reverse the sanctions.  This Court dismissed the action for the reason that Plaintiff's claim of

unfair procedures in his disciplinary hearing necessarily implied the invalidity of the deprivation

of good-time credits, and his claim was not cognizable under 42 U.S.C. § 1983.[1]  His sole

remedy for addressing this claim is through habeas corpus.  Plaintiff asks this Court to

reconsider its dismissal, claiming that he is serving a life sentence without the possibility of

parole and his sentence would not be shortened by the return of good time credits.  He asks the

---

[1]    *Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 1304–05, 158 L.Ed.2d 32 (2004); *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Court to disregard his reference to good time credit and focus instead on the increase in his

security classification, transfer and expungement of his prison disciplinary record.

A district court may grant a Rule 59(e) Motion to Alter or Amend Judgment only if there

is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in

controlling law; or (4) a need to prevent manifest injustice.[2]  Rule 59 Motions are not intended

as a vehicle to relitigate previously considered issues and are not the proper vehicle to attempt to

obtain a reversal of a judgment by offering the same arguments previously presented.[3]  It does

not present an opportunity to raise arguments that could have, but were not" raised in the

pleading.[4]

Plaintiff's Motion does not rest on any of the Rule 59(e) criteria for altering or amending

this Court's judgment.  He attempts to present additional factual information and reargue his

claims.  This is not a basis for altering or amending a judgment under Rule 59(e).

Furthermore, even if the Court could disregard his prior allegations of good time credit,

it would not alter the outcome of this case.  The Court's ability to review prison disciplinary

proceedings is limited. District courts have no authority to review a disciplinary committee's

resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt.[5]

The only question for the Court to determine is whether the hearing complied with the basic

---

[2]     *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

[3]     *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) Motion "is not an opportunity to re-argue a case" nor an avenue to raise arguments that "could have, but [were] not" raised before); *Beltowski v. Bradshaw*, No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.")

[4]     *Id; Beltowski,* No. 1:08 CV 2651, 2009 WL 5205368, at *4 (N.D. Ohio Dec. 23, 2009) ("The motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

[5]     *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985).

requirements needed to satisfy due process. A disciplinary hearing only invokes due process considerations when a protected liberty or property interest is at stake. Prisoners have no liberty interest in being housed at a particular prison or being held under a specific security classification.[6] Those deprivations are not subject to due process protections. If the Court disregards the loss of good time credit, Plaintiff failed to demonstrate he was denied due process because he failed to establish that he was deprived of a protected liberty interest.

Plaintiff also asks this Court to vacate its Order requiring payment of the filing fee in installments rather than as a lump sum. Plaintiff contends he is indigent and payment of the filing fee presents a financial hardship to him. Pursuant to 28 U.S.C. § 1915(b), a prisoner filing a civil rights action is required to pay the entire filing fee. If permitted to proceed *in forma pauperis*, the prisoner is permitted to pay the filing fee in installments as set forth in the statute. The statute does not permit waiver of the filing fee in civil rights actions filed by prisoners.

Accordingly, Plaintiff's Motion to alter or Amend Judgment under Federal Civil Procedure Rule 59(e) (Doc. 6) is denied.

IT IS SO ORDERED.

_s/  James S. Gwin_____
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[6]     *Sandin v. Conner*, 515 U.S. 472, 485 (1995).; *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

3